IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. CATO,<br><br>         Plaintiff,<br><br>    v.<br><br>KATHERINE FEINSTEIN,<br><br>         Defendant. | Case No.: C12-3164 JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE (Dkt. No. 8.)** |

Plaintiff Mark Cato, proceeding pro se, filed this amended discrimination claim pursuant to Title XI of the Civil Rights Act of 1964.[1] (Dkt. No. 8.) This action appears to arise from a dispute as to whether justification existed to remove Plaintiff from his position as his mother's caretaker due to allegations of elder abuse and related criminal charges. The Court dismissed his initial complaint (Dkt. No. 1) for failure to state a claim and granted him leave to amend if he could articulate specific conduct to support a reasonable inference that discriminatory conduct occurred and that Defendant is liable for such conduct. (Dkt. No. 7.) Under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is frivolous or malicious; (2) fails to state a

---

[1] Plaintiff consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6.)

claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff's amended complaint again fails to state a claim and is DISMISSED with prejudice as outlined below.

## DISCUSSION

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). In essence, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's one-page amended complaint states that his claim arises under § 1101 of Title XI of the Civil Rights Act, which concerns criminal contempt. (Dkt. No. 8 at 2.) Plaintiff does not, however, articulate any causes of action that involve criminal contempt. Instead, Plaintiff asserts that he suffered Property Damage, Violation of Civil Rights, Unfair Business Practice, Civil Harassment, Professional Negligence, Intentional Infliction of Emotional Distress, and "Pain and Suffering Cause [sic] by False Elder Adult Abuse Conservatorship and 'RTO' by Superior Court Probate." (Dkt. No. 8 at 2.) Though Plaintiff alleged employment discrimination under the Civil Rights Act in his initial complaint instead of criminal contempt, his causes of action remain identical. (*See* Dkt. No. 1.)

Plaintiff attaches nearly 100 pages of documentation to his amended complaint that appears to originate from at least two of Plaintiff's pending cases in San Francisco Superior Court, Case Nos. 11-516799 and 09-292293. Both these and other ongoing cases involve elements of the dispute in this action, which concerns Plaintiff's relationship with his mother, Lola Mae Dotson. Plaintiff lived with and was supported by his mother until suspected elder abuse and theft prompted criminal and civil action against Plaintiff, which in turn led Plaintiff to file countersuits. Without providing docket numbers, Plaintiff notes at least eight related and presumably ongoing actions in the San Francisco Superior Court where he is the Plaintiff or Defendant. (Dkt. No. 8 at 5.)

In addition to these related actions, which do not involve Defendant as a party, Plaintiff noted in his application to proceed *in forma pauperis* that he had filed a professional negligence

2

complaint in Superior Court against Defendant with similar claims to those raised here. (Dkt. No. 2 at 4.)[2] In dismissing Plaintiff's initial complaint, the Court cautioned Plaintiff against bringing duplicate claims as those pending in another action. (Dkt. No. 7.) Plaintiff does not address this concern in his amended complaint, nor does he explain the relationship between his causes of action and the named Defendant, who appears unrelated to the familial dispute except in her official capacity as a judge. In the documentation attached to the amended complaint, Plaintiff provides a letter written to Defendant, who Plaintiff addresses as the "Presiding Judge" in Case No. 09-292293. (Dkt. No. 8 at 3.) This document indicates that a hearing is scheduled for December 11, 2012. (*Id.*) No discriminatory or otherwise actionable conduct by Defendant is outlined in this document or elsewhere in Plaintiff's amended complaint. Though the nature of the relief Plaintiff seeks is unclear, damage claims against Defendant because of her involvement in Plaintiff's state court cases fail since judges "are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

The provided documentation does little to clarify any federal claim that Plaintiff seeks to articulate, particularly against the named Defendant. The majority of the documents attached—which run the gamut from medical records to police reports, conservatorship papers, bank records, filings from Plaintiff's other cases, and various declarations that appear to have been prepared for state court litigation—pertains to Plaintiff, his mother, and the family members who participated in various actions to limit Plaintiff's access to his mother and her assets.

In short, Plaintiff contests claims by other relatives that he abused and neglected his elderly mother and embezzled funds from her and objects to the state court's subsequent decision to award Charline Dixon Duncan conservatorship instead of Plaintiff. This Court is not the proper channel to appeal any state court decision, and Plaintiff does not state a claim that arises under federal law. Plaintiff's stated claim under Title XI has no relationship to the facts of this case—though Plaintiff reports he was wrongly incarcerated for burglary, theft,

---

[2] Defendant filed this complaint, Case No. CGC-12-519878, in the San Francisco Superior Court of California on April 10, 2012.

embezzlement, and fraud against his mother, he does not mention charges for contempt. (Dkt. No. 8 at 78). Even if the Court takes a broader view, Plaintiff fails to articulate any conduct on the part of Defendant that was discriminatory or unlawful. The Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged" since no actionable conduct—related or unrelated to the Defendant—is clearly alleged. *Ashcroft*, 556 U.S. at 678. Accordingly, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED with prejudice. Leave to amend may be denied "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *see also Semiconductor Energy Laboratory Co., Ltd. v. Yujurio Nagata*, 2012 WL 177557 *8 n.6 (N.D. Cal. Jan. 23, 2012)(finding that further amendment can be denied as futile, particularly when a plaintiff has already amended the complaint once). The Court concludes that Defendant failed to cure the pleading defects in this action in his amended complaint and that any further amendment would be futile.

**IT IS SO ORDERED.**

Dated:   September 12, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE